FILED

2016 AUG -4  PM 2: 16

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSA SOSA,

        Plaintiff,

v.                              CASE NO.: 6:16-CV-1399-ORL-41-TBS

R&R OF ORLANDO FOOD CORP., a
Florida corporation; and RMI MANAGEMENT I
LLC, a Florida limited liability company,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ROSA SOSA (hereinafter "SOSA"), by and through her undersigned counsel, who hereby sues Defendants R&R OF ORLANDO FOOD CORP., a Florida corporation, d/b/a Bravo Supermarkets and RMI MANAGEMENT I LLC, a Florida limited liability company (hereinafter collectively referred to as "Defendants"), and respectfully sets forth her Complaint and Demand for Jury Trial as follows:

### INTRODUCTION

1. This action arises under the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. This is also an action under Section 448.101, *et seq.*, Florida Statutes, Florida's private sector whistleblower law.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over SOSA's FLSA claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over SOSA's state law claim under 28

U.S.C. § 1367.

5. Venue is proper under 29 U.S.C. § 1391 because (i) the events giving rise to SOSA's claims occurred in Orange County, Florida; (ii) because Defendants do business and have their principals places of business in Orange County.

## PARTIES AND FLSA COVERAGE

6. SOSA was employed as a Deli Department Manager by Defendants at one of their Bravo Supermarkets from 2009 until her unlawful termination on September 29, 2015. SOSA was an employee of Defendants for purposes of the FLSA.

7. Defendants R&R OF ORLANDO FOOD CORP. ("R&R") and RMI MANAGEMENT I LLC ("RMI") were, at all times during SOSA's employment, enterprises covered by the FLSA as defined by 29 U.S.C. § 203(r) and (s), and employers for purposes of 29 U.S.C. 203(d).

8. Defendants R&R and RMI, at all times during SOSA's employment, had an annual gross volume of sales made or business done of not less than $500,000.00.

9. Defendants R&R and RMI were, at all times during SOSA's employment with Defendants, enterprises engaged in commerce within the meaning of Section 203(a)(1) of the FLSA, in that they had two or more employees:

   a. Engaged in commerce; and/or

   b. Handling, selling or working on goods or materials that have been moved in or produced for commerce.

10. Defendants R&R and RMI were, at all times during SOSA's employment, SOSA's individual or joint employers.

## GENERAL ALLEGATIONS

11. Under the FLSA's provisions, non-exempt employees are required to receive overtime compensation for all hours worked in excess of forty (40) per workweek. At all times material to her employment with Defendants, SOSA was a non-exempt employee and was, therefore, eligible for overtime compensation.

12. SOSA routinely worked in excess of forty (40) hours per week as part of her regular job duties with Defendant, but was not compensated at time and one-half her regular rate of pay for such hours contrary to Section 207(a) of the FLSA.

13. Defendants knowingly, willfully, or with reckless disregard failed to pay SOSA overtime compensation.

14. Upon information and belief, Defendants failed to maintain proper time records as mandated by the FLSA.

15. During the last few months of her employment, SOSA complained to Defendants' store manager, Federico Rodriguez, and to Cesar Ramirez, Defendant R&R's president, about not being paid overtime compensation. The response of Mr. Ramirez was that the business could not afford to pay SOSA overtime compensation. When SOSA continued to request payment of overtime compensation, she was either met with terse remarks or ignored.

16. During the last few months of her employment, SOSA complained to Mr. Rodriguez and Mr. Ramirez that Defendants were knowingly employing undocumented workers in violation of the Immigration Reform and Control Act of 1986 and its regulations. SOSA is a naturalized citizen of the United States and felt that the hiring and continued employment of undocumented workers was not fair to natural born and naturalized citizens. SOSA's complaints were met first with the attitude that "everyone does it" and, after more complaints, with derisive

comments.

17. SOSA was terminated by Defendants on September 29, 2015 because of her complaints about not receiving overtime compensation, in violation of Section 215(a)(3) of the FLSA, and/or because of her objection to Defendants' violation of federal law pertaining to its hiring and maintaining the employment of undocumented workers, in violation of Section 448.102(3), Florida Statutes.

18. SOSA has retained undersigned counsel to represent her in this action and has agreed to pay such counsel a reasonable attorney's fee and appropriate costs.

## COUNT I
## VIOLATION OF THE FLSA'S OVERTIME PROVISIONS AGAINST DEFENDANTS

19. SOSA reincorporates the allegations made in paragraphs 1 through 14 and 18 above as though fully set forth herein.

20. SOSA was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek. Defendants failed to pay SOSA at her overtime rate for hours worked by her in excess of forty (40) per workweek.

21. Such failure violated the overtime provisions of the Fair Labor Standards Act. As a result of such violations, SOSA has suffered economic damages in an amount to be proved at trial.

22. Defendants' violation of the FLSA's overtime wage provisions was willful, entitling SOSA to liquidated damages.

WHEREFORE, Plaintiff, ROSA SOSA, demands judgment against Defendants for the payment of all overtime compensation due her, liquidated damages (in an amount equal to the overtime compensation owed), her reasonable attorney's fees and costs incurred in this action,

and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## VIOLATION OF THE FLSA'S RETALIATION
## PROVISIONS AGAINST DEFENDANTS

23. Plaintiff incorporates the allegations made in paragraphs 1 through 18 above as though fully set forth herein.

24. Section 215(a)(3) of the FLSA makes it unlawful for any employer to discriminate against or discharge any employee for engaging in protected conduct concerning perceived or actual violations of the FLSA's minimum wage, overtime, or other provisions.

25. SOSA engaged in statutorily protected conduct under the FLSA.

26. Defendants engaged in retaliation prohibited by the FLSA when they terminated SOSA.

27. As a direct and proximate result of Defendants' conduct, SOSA has suffered economic damages, including, without limitation, lost wages and benefits.

28. As a direct and proximate result of Defendants' conduct, SOSA has suffered emotional distress, loss of self-esteem and dignity, loss of the ability to enjoy life, and will continue to suffer such emotional distress and losses for the foreseeable future.

29. Defendants' violation of the FLSA's anti-retaliation provisions was willful, entitling SOSA to liquidated damages.

WHEREFORE, Plaintiff, ROSA SOSA, demands judgment against Defendants for her lost wages and lost benefits, liquidated damages (in an amount equal to her economic damages), reinstatement (and in lieu of reinstatement, front pay), damages for her emotional distress, loss of self-esteem and dignity, loss of her capacity to enjoy life, her reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just

and appropriate.

### COUNT III
### SECTION 448.101, *et seq.* - WHISTLEBLOWER RETALIATION AGAINST DEFENDANTS

30. SOSA incorporates the allegations made in paragraphs 1 through 18 above as though fully set forth herein.

31. SOSA objected to Defendants' practice of violating the above referenced federal law and its supporting regulations.

32. Defendants' termination of SOSA was causally connected to her objections.

33. As a direct and proximate result of Defendants' conduct, SOSA has suffered economic damages, including, without limitation, lost wages and benefits.

34. As a direct and proximate result of Defendants' conduct, SOSA has suffered emotional distress, loss of self-esteem and dignity, loss of the ability to enjoy life, and will continue to suffer such emotional distress and losses for the foreseeable future.

WHEREFORE, Plaintiff, ROSA SOSA, demands judgment against Defendants for her lost wages and lost benefits, damages for her emotional distress, loss of self-esteem and dignity, loss of her capacity to enjoy life, her reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

SOSA demands trial by jury with respect to all claims so triable.

DATED this 3rd day of August, 2016.

Respectfully submitted,

THOMAS J. PILACEK & ASSOCIATES
Winter Springs Town Center
158 Tuskawilla Road, Suite 2320

Winter Springs, FL  32708
Telephone:  407-660-9595
Facsimile:  407-660-8343
Primary E-Mail:        jblitch@pilacek.com
Secondary E-Mail:     dbrock@pilacek.com
                      gdavis@pilacek.com

By: _____
  Joseph E. Blitch, Esquire
  Florida Bar No.:  40592

Counsel for Plaintiff