UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSA SOSA,

    Plaintiff,

v.                               Case No: 6:16-cv-1399-Orl-41TBS

R&R OF ORLANDO FOOD CORP. and
RMI MANAGEMENT I, LLC,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Second Joint Motion to Approve Settlement and to Dismiss Case with Prejudice. (Doc 35). Upon due consideration, I respectfully recommend that the motion be **GRANTED**, with a caveat, as set forth below.

### Background

Plaintiff Rosa Sosa was employed as a deli department manager by Defendants at one of their Bravo Supermarkets from 2009 until her termination on September 29, 2015 (Doc. 1 ¶6). She alleges that she routinely worked in excess of forty hours per week as part of her regular job duties, but was not compensated at time and one-half her regular rate of pay for such hours (Id. ¶12). She further alleges she was terminated by Defendants because of her complaints about not receiving overtime compensation and/or because of her objection to Defendants' alleged violation of federal law pertaining to hiring and maintaining the employment of undocumented workers (Id. ¶17).

On August 4, 2016, Plaintiff filed suit, pleading violation of the overtime wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 , *et seq*. (Count I); violation of the FLSA's anti-retaliation provisions (Count II); and seeking damages as a

whistleblower, under FLA. STAT. §448.101, *et. seq.* (Count III). With respect to the FLSA overtime count, Plaintiff sought "payment of all overtime compensation due her, liquidated damages (in an amount equal to the overtime compensation owed), and reasonable attorney's fees and costs." (Id. ¶22). For the FLSA retaliation count, Plaintiff demanded "lost wages and lost benefits, liquidated damages (in an amount equal to her economic damages), reinstatement (and in lieu of reinstatement, front pay), damages for her emotional distress, loss of self-esteem and dignity, loss of her capacity to enjoy life, her reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just …" (Id. ¶29). With respect to the whistleblower claim, Plaintiff "demands judgment against Defendants for her lost wages and lost benefits, damages for her emotional distress, loss of self-esteem and dignity, loss of her capacity to enjoy life, her reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just ..." (Id.¶34). Plaintiff did not claim a specific amount in damages and the parties filed a Notice of Settlement prior to the filing of any answer (Doc. 19).

The Court denied the parties' first motion to approve their settlement, based on a lack of information about the value of Plaintiff's claims (Docs. 24, 25). The denial was without prejudice to clarification and amendment of the parties' settlement agreement, if appropriate (Doc. 25).

Following that denial, Defendants answered the complaint (Doc. 28) and Plaintiff filed answers to the Court's interrogatories, defining her claims (Doc. 31). On March 15, 2017, Defendants filed an Amended Answer and Affirmative Defenses (Doc. 34). The instant motion followed shortly thereafter. The motion is accompanied by an *unsigned* Settlement Agreement and Release of FLSA Claims (Doc. 35-1).

According to the terms of the Settlement Agreement, Plaintiff agrees to accept the total aggregate sum of TWENTY-TWO THOUSAND, SIX HUNDRED, THIRTY-SEVEN DOLLARS ($22,637.50) from Defendants, in full settlement of all claims brought in this action. And, Defendants have agreed to pay Plaintiff's counsel the sum of NINE THOUSAND, NINE HUNDRED SEVENTY-FIVE DOLLARS ($9,975.00) for her attorney's fees (28.5 attorney hours at a rate of $350.00 an hour) and FOUR HUNDRED FORTY DOLLARS ($440.00) to cover costs that were incurred or fronted by Plaintiff's counsel. The parties represent that the attorneys' fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiff, consistent with Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## Discussion

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the

action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

Upon review, *assuming the Settlement Agreement is executed and filed with the Court,* I find this to be a fair and reasonable compromise of a bona fide FLSA dispute. The parties have rectified the deficiencies of the earlier motion by including a lengthy explanation of the claims and have supplied an appropriate rationale for the compromise reached. The parties have also made an acceptable showing that the facts of this case do not support a finding of liquidated damages. Moreover, attorneys' fees and costs were negotiated separately and are not so excessive as to be considered unreasonable. Finally, the agreement does not contain overbroad releases or other provisions which would render it objectionable in this context. In view of the foregoing, and in light of the fundamental dispute regarding liability and the active involvement of experienced counsel, the agreement is due to be approved.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The motion be **GRANTED**, and **if** the Settlement Agreement is executed by the Parties and filed with the Court, the agreement be approved as a fair and reasonable compromise of a bona fide FLSA dispute;

2. The action be dismissed with prejudice; and

3. The Court close the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 24, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record